[No. 9206-2-III.   Division Three.   December 28, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. ORVIE GAYLE
WAKE, *Appellant.*

*Rick Hansen* and *Rakow & Hansen,* for appellant.

*Gerald Matosich, Prosecuting Attorney,* for respondent.

SHIELDS, J.—On January 22, 1988, Orvie G. Wake was convicted of two counts of delivery of a controlled substance. He appeals, contending his right to a speedy trial was violated and that the charges against him should be dismissed. We agree.

On September 11, 1987, Mr. Wake was charged with three counts of delivery of a controlled substance. Arraignment was conducted September 24 and trial was scheduled for December 22. On December 21, the State moved for a continuance under CrR 3.3(h)(2) because Gary Mong, its expert witness from the state crime lab, was unavailable for trial. There is no written or oral reason given for his unavailability, although the State's appellate brief alludes to the fact Mr. Mong was appearing in another trial. Mr. Wake objected to the continuance, noting the State had notice of Mr. Mong's unavailability prior to December 9, but had failed to take any action until the day before trial. The court granted a continuance for up to 30 days in the "interests of justice", and observed there was no prejudice to Mr. Wake.

The issue is whether the court abused its discretion in granting the continuance, extending the date of trial well beyond the 90–day time limit.

Mr. Wake contends the record was insufficient to support a continuance. No reason was given for Mr. Mong's unavailability and the State had not subpoenaed him. The State responds it had informally learned Mr. Mong would not be available, and did not issue a subpoena asserting it would have been a useless act.

The parties agree the motion for the continuance is governed by CrR 3.3(h):[1]

Continuances or other delays may be granted as follows:

. . . .

(2) On motion of the State, the court or a party, the court may continue the case when required in the administration of

---

[1]Because of the expiration of the speedy trial time and assuming the issuance of a subpoena, the State should have moved for 5–day extensions under CrR 3.3(d)(8). *See State v. Stock*, 44 Wn. App. 467, 472, 722 P.2d 1330 (1986).

justice and the defendant will not be substantially prejudiced in the presentation of the defense. The motion must be filed on or before the date set for trial or the last day of any continuance or extension granted pursuant to this rule. The court must state on the record or in writing the reasons for the continuance.

The court, in granting the continuance, noted the crime rate had increased and that the witnesses from the state labs were responsible for serving a broad geographic area.[2]

■ The grant or denial of a continuance under CrR 3.3 is reviewed under an abuse of discretion standard. *State v. Terrovona*, 105 Wn.2d 632, 651, 716 P.2d 295 (1986); *see also State v. Day*, 51 Wn. App. 544, 548–49, 754 P.2d 1021, *review denied*, 111 Wn.2d 1016 (1988). In *Day*, the court held unavailability of a material State witness is a valid ground for continuing a trial under CrR 3.3(h)(2) if there is a reason to believe the then unavailable witness will become available within a reasonable time and if no substantial

---

[2]The court stated:

"The Court recognizes that the interests of justice require, especially key witnesses, be available, unless there is some indication that that's somehow being used as a subterfuge to gain some advantage, and/or there is some prejudice to be assigned or assessed as a result of that, or the Court's perception that there is. In this case I don't believe that a 30–day continuance would be.

"[The court] also takes knowledge that the State Crime Lab is, even with its diversification and going to various regional laboratories, has still had a substantial problem, which I think Mr. Mong testified to in the trial we did have on these same matters; that he's, he's about the only one, although there are others who, who are sometimes in training or otherwise, who does the analysis on drugs, and that means that he's responsible, I suppose, to counties in this part of the state from, all the way from this county—I don't know whether he covers Skamania or not—but from this county, at least, over to the Tri–Cities.

"I don't know exactly how big an area there is, but that and the Court's knowledge, personal knowledge that the crime rate has gone up, including and especially in the area of drugs, has increased dramatically, these kinds of witness problems are going to, are going to occur.

"Now I guess I'll put the fat in the fire, if it's necessary. I'm ruling that a continuance is going to be granted on those bases. If the State, if the courts now feel that that's ground for dismissals when we have this problem with the lab expert, I suppose the State's going to have to make some rather dramatic adjustments, but I think all things considered, and particularly that there is no prejudice, the Court will find that the interests of justice and the administration of justice require that a continuance be granted, not to exceed 30 days, . . .".

prejudice results to the defendant. However, in *Day* as in *Terrovona,* the continuances were all within the speedy trial time.

In *State v. Mack,* 89 Wn.2d 788, 576 P.2d 44 (1978) the court considered the following reasons advanced by the State as reasons to delay the defendants' trials: (1) difficulties in jury selection, (2) docket congestion, (3) the trial schedules of the judges, and (4) concern for minimizing expenses reflected in the courts' failure to use judges pro tempore and to double set cases. *Mack,* at 794, held these reasons were insufficient to delay the trials beyond the 60-day rule and dismissed the cases. *Mack,* at 793 (quoting Criminal Rules Task Force, *Washington Proposed Rules of Criminal Procedure* 32 (1971)) relied on certain findings made by the Task Force which promulgated CrR 3.3:

> (1) the defendant can be prejudiced by delay, whatever the source; (2) such delays are contrary to the public interest in the prompt disposition of criminal cases; (3) if congestion excuses the long delays, there is lacking sufficient inducement for the state to remedy congestion; and (4) the calendar problems which arise out of trying to make maximum use of existing facilities do not ordinarily require time beyond that otherwise allowed.

Similarly, in *State v. Kokot,* 42 Wn. App. 733, 713 P.2d 1121, *review denied,* 105 Wn.2d 1023 (1986), the defendant's trial was continued under CrR 3.3(h)(2) because of docket congestion and because the prosecutor's witness was unavailable due to a hunting trip. The court dismissed the defendant's case, citing *Mack.*

■ The rationale of *Mack* is equally applicable to the use of expert witnesses who are employed by the State and whose departmental budgets are subject to state budgetary constraints. As noted by the court here, the State has failed to keep pace with the growing number of drug cases, has an inadequate staff available for court testimony and, as a result, a logjam is being created. If congestion at the state crime lab excuses speedy trial rights, there is insufficient inducement for the State to remedy the problem. Additionally, the prosecutor knew of the conflict almost 2 weeks

before trial was scheduled, and had an opportunity to make alternative arrangements.[3] Thus, this was not an unavoidable circumstance beyond the control of the State.

██ Additionally, the issuance of a subpoena is a critical factor in granting a continuance. In *State v. Alford,* 25 Wn. App. 661, 665, 611 P.2d 1268 (1980) and *State v. Yuen,* 23 Wn. App. 377, 379, 597 P.2d 401, *review denied,* 92 Wn.2d 1030 (1979) continuances were affirmed because the witnesses were under subpoena. Conversely, in *State v. Smith,* 56 Wn.2d 368, 370, 353 P.2d 155 (1960) and *State v. Toliver,* 6 Wn. App. 531, 533, 494 P.2d 514 (1972) the failure to issue subpoenas was grounds to deny motions for continuance. The issuance of a subpoena ensures a record will be made regarding the reasons for the absence of a witness and allows the opposing party an opportunity to argue the merits of unavailability. Here, there was no such record.

The court abused its discretion in granting the continuance under CrR 3.3(h)(2); the judgment is reversed and the charges are dismissed.

THOMPSON, C.J., and MUNSON, J., concur.

---

[3]One of those alternatives included acceleration of the trial date; the record does not indicate whether Mr. Mong was unavailable prior to December 21.