[No. 25229-1-I. Division One. August 26, 1991.]

THE CITY OF SEATTLE, *Respondent,* v. ERIC HILTON, *Petitioner.*

*L. Stephen Rochon* of *Associated Counsel for the Accused,* for petitioner.

*Mark H. Sidran, City Attorney,* and *David F. Shayne, Assistant,* for respondent.

COLEMAN, J. — On a RALJ appeal, the Superior Court reversed the Municipal Court's order dismissing the

proceedings against Eric Hilton. Hilton appeals the Superior Court's order. We reverse.

Hilton was charged with violating Seattle Municipal Code (SMC) 22.206.180(A) (harassment of a tenant). The Municipal Court found him guilty and imposed sentence. Upon filing a timely appeal, Hilton apparently was released on his personal recognizance.[1] The Superior Court ultimately granted Hilton a new trial on grounds not pertinent to this appeal, and on May 31, 1988, the Municipal Court received the Superior Court's mandate to that effect.

On August 9, 1988, the Municipal Court notified Hilton's attorney that Hilton's case was set for arraignment on August 31, 1988 (92 days after the court received the Superior Court's mandate for a new trial).[2] At the scheduled arraignment, Hilton's counsel filed a written objection to the arraignment date and moved for dismissal on the ground that Hilton's speedy trial right under CrRLJ 3.3(d)(4) had been violated. That rule reads:

> *Trial After Appeal.* If a cause is remanded for trial after an appellate court accepts review, the defendant shall be brought to trial not later than 60 days after that appearance by or on behalf of the defendant in court, with notice to both parties of any such appearance, which next follows receipt by the clerk of the court of the mandate or other written order, if after such appearance the defendant is detained in jail, or not later than 90 days after such appearance if the defendant is thereafter released whether or not subject to conditions of release.

CrRLJ 3.3(d)(4). Municipal Court Judge Barbara Madsen granted Hilton's motion to dismiss on October 3, 1988.[3]

---

[1]Although the record does not explicitly state that Hilton was released on his personal recognizance, that inference is supported by the record.

[2]Although the Municipal Court labeled the August 31 proceeding an arraignment, the pertinent rule (CrRLJ 3.3(d)(4)) provides for an appearance.

[3]In the verbatim report of proceedings, Judge Madsen does not expressly state that Hilton's speedy trial right was violated, but the parties agree that that was the basis for the dismissal, and the judge's statements support that inference.

The City appealed and the Superior Court reversed, finding that

> [u]nder CrRLJ 3.3(d)(4), the defendant was not entitled to dismissal for a delay between receipt of a mandate and an appearance. The court does not believe a [*State v.*] *Striker* [87 Wn.2d 870, 557 P.2d 847 (1976)] analogy is appropriate in this situation because of the absence of a specific expectation of 15 days — which is present in situations involving delay between filing and arraignment under CrRLJ 3.3(c)(1), at least absent a showing of prejudice.

The Court of Appeals granted Hilton's motion for discretionary review.

We are asked to determine the date on which the speedy trial right of a defendant amenable to process begins to run once the defendant's case has been remanded for a new trial pursuant to CrRLJ 3.3(d)(4). Hilton argues that the 92-day interval between the Municipal Court's receipt of the mandate and the date the case was set for arraignment violated his speedy trial right under his interpretation of the rule and defeated the spirit and underlying principle of *State v. Striker*, 87 Wn.2d 870, 557 P.2d 847 (1976). According to Hilton, the speedy trial period automatically began to run when the mandate granting the new trial was received by the Municipal Court on May 31, 1988.

In contrast, the City asserts that the literal language of CrRLJ 3.3(d)(4) controls so that the speedy trial period commenced when Hilton appeared before the Municipal Court on August 31, 1988. The City also maintains that *Striker* is not applicable because it never has been applied in cases where the trial court's inaction delayed a defendant's criminal trial.

■ The purpose underlying CrRLJ 3.3 — and its superior court counterpart CrR 3.3 — is to protect a defendant's constitutional right to a speedy trial. *See State v. Mack*, 89 Wn.2d 788, 791-92, 576 P.2d 44 (1978) (stating that purpose in the context of CrR 3.3 and former JCrR 3.08). In general, the rules contemplate that an accused will be brought promptly before the court after an

information is filed if the accused is amenable to process. *See State v. Carpenter*, 94 Wn.2d 690, 694, 619 P.2d 697 (1980) (referring to CrR 3.3); *State v. White*, 94 Wn.2d 498, 501, 617 P.2d 998 (1980) (basic principle underlying CrR 3.3 is that "it is in the best interest of all concerned that criminal matters be tried while they are fresh.").

■ In addition, "[a] defendant has no duty to bring himself to trial". *Barker v. Wingo*, 407 U.S. 514, 527, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972). Although it is the responsibility of the court to ensure that a defendant receives a trial in accordance with CrRLJ 3.3 (see CrRLJ 3.3(a)), the defendant's appearance before the court "depends upon the efforts of the prosecutor and law enforcement officials." *See State v. Miffitt*, 56 Wn. App. 786, 791, 785 P.2d 850, *review denied*, 114 Wn.2d 1026 (1990).

In *Striker* the defendants moved to dismiss criminal charges against them on the ground that the delay of more than 90 days between the filing of the informations and the defendants' arraignments violated their speedy trial rights under CrR 3.3 as it was then written.[4] *Striker*, at 871. The Superior Court denied the motions, and upon the defendants' petition for certiorari the Supreme Court reversed. The court stated that

> the [speedy trial] rules do not authorize a period of delay between the filing of an indictment and the arrest or summons of the defendant, where [the defendant] is amenable to process. If the rules are followed, the preliminary appearance will occur shortly after the indictment or information is filed, and a speedy trial will be afforded if the time is calculated from the date of the appearance.

*Striker*, at 871-72. The court concluded that when, "contrary to the expectation expressed in the rules," a delay occurs between the time an information is filed and the time the accused is brought before the court, the speedy

---

[4]When *Striker* was decided, the pertinent rule read: *"Time Limit.* A criminal charge shall be brought to trial within 90 days following the preliminary appearance." Former CrR 3.3(b).

trial right provided by CrR 3.3 operates from the time the information was filed. *Striker*, at 875.

■ The City contends that it is an unreasonable imposition to require that defendants be brought before the courts of limited jurisdiction in a prompt manner as required in the superior courts because of the heavy caseloads and congestion of the courts of limited jurisdiction. While these concerns may be justified in certain contexts, docket congestion and heavy caseloads do not justify delaying criminal trials. *Cf. State v. Wake*, 56 Wn. App. 472, 475, 783 P.2d 1131 (1989); *Mack*, at 794-95.

■ Although the City refers to *State v. Greenwood*, 57 Wn. App. 854, 790 P.2d 1243, *review granted*, 115 Wn.2d 1008 (1990) in its brief,[5] that case is not applicable here because Hilton appears to have been subject to conditions of release, and *Greenwood* applies to defendants "not detained or subject to conditions of release". *Greenwood*, at 859. Yet even if *Greenwood* did apply, we disagree with it to the extent it vitiates *Striker*. Instead, we find that *Striker* and its underlying policies govern by analogy the resolution of the present case. The expectation inherent in CrRLJ 3.3(d)(4) is that the defendant's appearance before the court will occur shortly after the mandate for a new trial is filed in the municipal court. If that expectation is met, a defendant awaiting a new trial after appeal will receive a speedy trial if the time is calculated from the date of that appearance.

---

[5]The City relies on *Greenwood* to contend that because CrRLJ 3.3(d)(4) does not specify a time when a defendant must be brought before the court, the City has no duty to act within a reasonable time to prosecute the new trial. In *Greenwood*, the court reasoned that the post-*Striker* amendment to CrR 3.3 indicates an intention to remove from trial time calculations the period between the date the information is filed and the date of the defendant's next court appearance when the defendant is not detained or subject to conditions of release on the current charge. For purposes of compliance with the literal requirements of the rule, as long as arraignment takes place within 14 days of the defendant's next court appearance following the filing of the information, the length of time between the filing and the next court appearance is immaterial."
*Greenwood*, at 859-60.

However, if the defendant is not brought before the trial court within a reasonable time after the mandate for a new trial is filed, the expectation of the rule is not satisfied. Under such circumstances, the defendant's speedy trial right will commence from the date the trial court receives the mandate. *Cf. Striker.* Otherwise, the prosecution of the new trial could be delayed indefinitely. This result would directly conflict with the public's interest in having criminal matters resolved in a timely manner. *See* CrRLJ 3.3(b) ("Criminal trials shall take precedence over civil trials."); *Striker,* at 872 n.2 (even if not under arrest or otherwise restrained in his freedom, a defendant can be seriously disadvantaged by delay following charge, due to anxiety, public suspicion, and difficulty in securing witnesses).

Hilton urges us to take the position expressed by 2 American Bar Ass'n, *Standards for Criminal Justice,* Std. 12-2.2 (1978),[6] which is comparable to the view taken in the proposed amendment to CrR 3.3(d)(4).[7] However, absent adoption of a similar amendment to CrRLJ 3.3(d)(4), we cannot hold that a defendant's speedy trial right automatically commences from the date the municipal court receives the mandate for a new trial. Instead, pursuant to *Striker,* we are constrained to hold that a defendant's speedy trial right is calculated from the

---

[6]*Standard* 12-2.2 reads:

"The time for trial should commence running, without demand by the defendant, as follows:

". . . .

"(c) if the defendant is to be tried again following a mistrial, an order for a new trial, or an appeal or collateral attack, then the time for trial should commence running from the date of the mistrial, order granting a new trial, or remand."

[7]The proposed amendment to CrR 3.3(d)(4) reads as follows:

"(4) *Trial After Appeal or Stay.* If a cause is remanded for trial after an appellate court accepts review or stays proceedings, the defendant shall be brought to trial not later than 60 days after receipt by the clerk of the superior court of the mandate or other written order, if after such receipt the defendant is detained in jail, or not later than 90 days after such receipt if the defendant is thereafter released whether or not subject to conditions of release."

date of the defendant's appearance before the court so long as that appearance occurred within a reasonable time from the filing of the mandate. If the defendant's appearance was unreasonably delayed, then the speedy trial period begins to run from the date the mandate is received.[8]

In this case, the defendant did not in any sense contribute to his delayed appearance. Further, the City has offered no explanation or justification for the delay. The City, as prosecutor, receives a copy of the mandate when it is issued and, thus, it has an obligation to see that the defendant is brought before the court within a reasonable time thereafter. What constitutes a "reasonable" time will likely differ according to the specific facts of each case. However, 92 days is excessive under the present circumstances. Consequently, in this case the speedy trial time must be calculated from the date the Municipal Court received the Superior Court's mandate, and CrRLJ 3.3(i) requires that the charges against Hilton be dismissed with prejudice.[9]

The decision of the Superior Court is reversed, and the case is dismissed with prejudice.

SCHOLFIELD and AGID, JJ., concur.

Review by Supreme Court pending May 1, 1992.

---

[8]The City argues that Hilton's speedy trial right is adequately protected by constitutional safeguards, citing *State v. Fladebo*, 113 Wn.2d 388, 393, 779 P.2d 707 (1989). In that case, neither the ABA Standards for Criminal Justice nor the court rules addressed the situation presented, and the court held that under those circumstances, the defendant's right to a speedy trial was governed solely by the constitutional standard. *Fladebo* is inapposite, however, because the continued existence of *State v. Striker*, 87 Wn.2d 870, 557 P.2d 847 (1976), and its progeny control the resolution of this issue.

[9]"A criminal charge not brought to trial within the time period provided in this rule shall be dismissed with prejudice." CrRLJ 3.3(i).