The Honorable Jim Stallcup Prosecuting Attorney Third Judicial District 225 W. Elm, P.O. Box 627 Walnut Ridge, Arkansas 72476
Dear Mr. Stallcup:
This is in response to your request for an opinion concerning the right to a speedy trial. You have asked that I "assume that an individual is arrested for possession of a controlled substance with intent to deliver because he has a white powder substance in a film container." You further ask that I assume "that the powder is sent to the State Crime Laboratory for analysis and some eight months after receipt the State Crime Laboratory completes the analysis and returns the substance and the analysis report to the arresting officer." In light of these facts, you have presented the following question:
 Whether the eight month period awaiting analysis is an excluded period within the provisions of Rule 28.3(d)(1) of the Rules of Criminal Procedure or any other of the speedy trial rules.
I regret that I cannot provide a definitive answer to your question because the resolution of this issue will depend upon all the facts and circumstances attendant to each particular case. It is, however, my opinion that under certain circumstances a court is likely to conclude that the period of time during which the state crime lab is analyzing evidence is excludable pursuant to Rule 28.3(d)(1).
A defendant is entitled to have the charges against him dismissed with an absolute bar to prosecution if not brought to trial within twelve months from the date of his arrest, excluding only such periods of necessary delay as are authorized in Rule 28.3 of the Rules of Criminal Procedure.See Ark. R. Crim. P. 28.1 and 28.2. Rule 28.3 provides in part:
 The following periods shall be excluded in computing the time for trial: . . .
 (d) The period of delay resulting from a continuance (calculated from the date the continuance is granted until the subsequent date contained in the order or docket entry granting the continuance) granted at the request of the prosecuting attorney, if:
 (1) the continuance is granted because of the unavailability of evidence material to the state's case, when due diligence has been exercised to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at a later date . . .
Initially, it should be noted that the prosecuting attorney must request a continuance pursuant to Rule 28.3(d) in order for the period of delay to be excludable. The period of delay is "calculated from the date the continuance is granted." With this in mind, it is my opinion that the results of the crime lab analysis constitute "unavailable evidence" as contemplated by Rule 28.3(d)(1). It is also my opinion that a court would likely conclude in most cases that there are "reasonable grounds to believe that such evidence will be available at a later date." It is, however, my opinion that whether the evidence is material to the state's case and whether due diligence has been exercised to obtain such evidence must be determined on a case-by-case basis.
As a general matter, the Arkansas Supreme Court and courts in other jurisdictions have indicated that the period of time during which the state crime lab is analyzing evidence may properly be excluded in computing time for a speedy trial. In Smith v. State, 303 Ark. 524,798 S.W.2d 94 (1990), the appellant asserted that a thirty day period where his motion to suppress evidence was under advisement should not have been excluded for speedy trial purposes under Ark. R. Crim. P. 28.3. The appellant asserted that during that same period the trial court also granted a continuance at the request of the state. The state's request was due to the crime lab not having completed certain tests. On appeal, the appellant asserted that the delay of the trial was attributable more to the state's motion than to his own. In rejecting the appellant's argument, the court commented that "either was a sufficient basis for exclusion under the rule and we can find nothing in the record to sustain an inference that one was more influential than the other." Ultimately, the court held that the trial court did not err by excluding the thirty days during which the appellant's motion to suppress was under advisement.
In Washington v. Osborne, 569 P.2d 1176 (Wash.Ct.App. 1977), the court concluded that the delay resulting from a continuance granted to allow the state crime lab to complete its analysis of physical evidence was properly excluded from the speedy trial period. Prior to trial, the prosecution moved for a continuance on the ground that laboratory analysis of physical evidence could not be completed by the trial date. An affidavit from the chief criminalist of the crime laboratory stated that substantial efforts had been made to analyze the physical evidence, but because of the large number of items to analyze, the sophisticated analysis required, and the heavy workload from other cases, the analysis was incomplete. The affidavit also indicated the date on which the analysis would be completed. The Court of Appeals stated that the affidavit established that expert analysis of the physical evidence was unavailable, that the state had exercised due diligence, and that there were reasonable grounds to believe that the analysis would be available in a reasonable time. See also Allen v. Florida, 443 So.2d 435 (Fla. Dist.Ct.App. 1984) (no abuse of discretion in the extension of the speedy trial period on the state's motion, grounded upon the delay in receiving a crime lab report, where the record supported the trial court's determination that the state used due diligence to secure the report but had been unable to do so in sufficient time); but see Illinoisv. Durham, 550 N.E.2d 259 (Ill.App.Ct. 1990) (under state statute the trial court may grant continuance if the court determines that the state has exercised without success due diligence to obtain material evidence; appellate court concluded that the record failed to support a finding that due diligence was exercised in obtaining evidence from the crime lab; prosecutor simply stated there was generally a five month delay in the preparation of crime lab reports, and record failed to show that some effort or affirmative acts by the state were taken to obtain the evidence); Washington v. Wake, 783 P.2d 1131 (Wash.Ct.App. 1989) (state failed to show unavailability of witness from crime lab was an unavoidable circumstance beyond its control; if congestion at the state crime lab excuses speedy trial, there is insufficient inducement for the state to remedy the problem).
Although the right to a speedy trial in Arkansas is embodied in Rules 28.1, 28.2, and 28.3 of the Rules of Criminal Procedure, courts in other jurisdictions have also considered delays in receiving reports from crime labs in light of the sixth amendment right to speedy trial. In Barker v.Wingo, 407 U.S. 514 (1972), the United States Supreme Court set out criteria by which to judge the right to speedy trial. In that case, the Court adopted a balancing test which weighed the conduct of both the defendant and the state, and identified four factors to be considered: (1) the length of delay, (2) the reason for delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. See Woods v.State, 26 Ark. App. 109, 760 S.W.2d 392 (1988). In Montana v. Foshee,938 P.2d 601 (Mont. 1997), the Montana Supreme Court concluded that a 233 day delay between the date of the appellant's arrest and his scheduled trial could be attributed entirely to the state. The court noted that the backlog at the state crime laboratory coupled with the volume of evidence which needed to be analyzed was the explanation for the delay. The court held that the delay was thus "institutional" in nature, and although institutional delay is chargeable to the state, it weighs less heavily than purposeful delay.[1] Ultimately, the court held that the state provided a reasonable explanation for the delay, and, in light of the sheer volume of evidence and the complexity of the case, the delay was excusable and did not prejudice the defendant. See also Yung v. Wyoming,906 P.2d 1028 (Wyo. 1995) (no speedy trial violation where delay was attributable to timetable under which the state crime lab was forced to process forensic evidence; delay caused by neutral factor beyond control of prosecutor); Mississippi v. Magnusen, 646 So.2d 1275 (Miss. 1994) (with regard to the "reason for delay" prong, the official neglect of an understaffed and overworked crime lab weighs, just barely, against state; court ultimately held that state did not violate defendant's right to speedy trial).
Finally, it should be noted that Rule 28.3(h) provides that "other periods of delay for good cause" shall be excluded in computing the time for trial. It is, however, my opinion that if the period of time during which the state crime lab is analyzing evidence is not excluded pursuant to Rule 28.3(d), then it is unlikely that such period would be excluded pursuant to Rule 28.3(h). It does not appear that any other provision of Rule 28.3 would be applicable.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] In a comparable situation, the Arkansas Supreme Court has recognized that the State Hospital is independent of the judiciary and the prosecuting attorney's office and "delays caused by its operations would not be subject to the same level of scrutiny as delays caused by the criminal justice system itself." Collins v. State, 304 Ark. 587,804 S.W.2d 680 (1991); Mack v. State, 321 Ark. 547, 905 S.W.2d 842 (1995). It must, however, be recognized that pursuant to Ark. R. Crim. P. 28.3(a), periods of delay resulting from proceedings concerning the defendant, including an examination on the competency of the defendant, are expressly excluded from the speedy trial time computation.