[Nos. 25218-3-III; 25223-0-III.   Division Three.   April 8, 2008.]

THE STATE OF WASHINGTON, *Respondent*, v. RICARDO INIGUEZ, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. JIMMY HENRY MCINTOSH, *Appellant*.

846

*James E. Egan*; and *Eric J. Nielsen* (of *Nielsen, Broman & Koch, PLLC*), for appellants.

*Steve M. Lowe, Prosecuting Attorney*, and *Frank W. Jenny II, Michelle M. McMillen*, and *Timothy E. Dickerson, Deputies*, for respondent.

¶1 Schultheis, J. — Richardo Iniguez and Jimmy McIntosh were both convicted of four counts of armed robbery (with firearms findings) after a joint trial. They

each claim violations of their right to a speedy trial. We conclude that although the trial court complied with the speedy trial rights afforded the defendants under court rule, Mr. Iniguez's constitutional right to a speedy trial was violated. We therefore reverse and dismiss with prejudice Mr. Iniguez's conviction. We affirm Mr. McIntosh's conviction but remand for correction of a scrivener's error in his judgment and sentence.

## FACTS

¶2 On May 31, 2005, Mr. McIntosh and Mr. Iniguez were each charged with first degree robbery with a special firearm allegation. Mr. McIntosh was also charged with first degree burglary. Both men were arraigned on June 7. Trial was set for July 27. Both men remained in custody pending trial.

¶3 The matters were joined for trial on July 26. Mr. Iniguez's attorney requested a trial continuance to accommodate counsel's planned vacation. Mr. Iniguez refused to consent to an extension of his time for trial. The court granted a good cause continuance of his trial date to October 5. Mr. McIntosh stipulated to the continuance and signed a speedy trial waiver.

¶4 On September 27, trial was reset at the State's request to allow time to interview defense witnesses.[1] Mr. McIntosh agreed to the continuance and waived his right to speedy trial up to November 16. The continuance was granted over Mr. Iniguez's objection.

¶5 Mr. McIntosh's counsel later requested a postponement of the November 16 trial date due to his trial schedule. Over Mr. McIntosh's objection, the trial was continued to January 4, 2006. Mr. Iniguez objected to continuing the trial date and moved for severance. The court denied the motion for severance and set a joint trial for January 4, 2006.

---

[1] The State asserts that the continuance was at Mr. McIntosh's request. But the only reason noted in the record for the continuance involved the State's need to interview witnesses.

¶6 On December 30, 2005, the prosecutor informed the court that one of the victim witnesses who had been subpoenaed for an earlier trial date had left the country to visit family in Mexico without informing the State of his travel plans. The witness was scheduled to return on February 1, 2006. The prosecutor suggested a trial date of February 8, the first available trial date after the witness's return. The prosecutor asked for a good cause continuance. The trial court reserved ruling on the motion until Mr. Iniguez's counsel could contact his client.

¶7 At the next hearing on January 3, 2006, the trial court held that the State had taken reasonable steps to notify the subpoenaed witness, and the fact that the witness was out of the country for the holidays was a reasonable basis to reschedule the trial. The court determined that granting the continuance would not prejudice the defendants. The court also commented that if the witness had never been subpoenaed, the result would probably be different. The court balanced the inconvenience of the witness with the inconvenience of the defendants, and deemed it reasonable to continue the trial to February 8.

¶8 On February 8, trial commenced with jury selection on an amended information. Mr. McIntosh and Mr. Iniguez were each charged with four counts of first degree robbery during which each of them or an accomplice was armed with a firearm. The evidentiary portion of the trial began on February 15, which ended in a mistrial on February 16 when it was determined that the Spanish-speaking trial interpreter performed inadequately.

¶9 The case was retried on April 12, 2006. The jury found both defendants guilty of four counts of armed robbery in the first degree and found by special verdict that the men or accomplices were armed with a firearm.

## DISCUSSION

### 1. SPEEDY TRIAL

A. Speedy Trial Rule

¶10 Mr. McIntosh and Mr. Iniguez both contend that their charges should have been dismissed under CrR 3.3(h) because their speedy trial rights were violated by a four-week delay requested by the State when it learned that a subpoenaed witness had left the country for the holidays without checking in to find out the new trial date.

¶11 CrR 3.3(b) requires that a defendant in custody be brought to trial within 60 days of the commencement date of the action. The commencement date is the date of arraignment, which in this case was June 7, 2005. Certain periods are excluded from the computation of the speedy trial deadline, including continuances granted by the court pursuant to CrR 3.3(f) and CrR 3.3(e)(3). CrR 3.3(f) permits the court to grant continuances (1) upon written agreement of the parties or (2) when a delay is required in the administration of justice and the defendant will not be prejudiced, so long as the parties agree in writing or on motion from a party or the court. When a period of time is excluded under CrR 3.3(e), the allowable time for trial "shall not expire earlier than 30 days after the end of that excluded period." CrR 3.3(b)(5).

¶12 According to Mr. McIntosh's calculations, the time for speedy trial under the rule expired on January 15, 2006. He claims the court improperly continued the trial past that date. The appellate court will not disturb the trial court's ruling on a motion for continuance absent a showing of manifest abuse of discretion. *State v. Campbell*, 103 Wn.2d 1, 14, 691 P.2d 929 (1984) (citing *State v. Miles*, 77 Wn.2d 593, 597-98, 464 P.2d 723 (1970)).

¶13 When Mr. McIntosh waived speedy trial upon the July 26, 2005 continuance, 48 days of his speedy trial time had expired. The time in which Mr. McIntosh waived

speedy trial—through November 16, 2005—was properly excluded. CrR 3.3(f)(1). The court then granted a continuance on November 15 at Mr. McIntosh's counsel's request to accommodate his trial schedule, despite his client's objection. That Mr. McIntosh objected to his counsel's request is not controlling under the speedy trial rule when the continuance is required in the administration of justice and the defendant's presentation of his case is not prejudiced. *Campbell*, 103 Wn.2d at 14-15.

¶14 The continuances ordered over the defendants' objections (up to the last one involving the absence of the State's witness) constitute appropriate excludable delay where, as here, neither defendant shows prejudice to the presentation of his case. *State v. Cannon*, 130 Wn.2d 313, 327, 922 P.2d 1293 (1996) (continuance properly based on prosecutor's trial schedule); *State v. Selam*, 97 Wn. App. 140, 142-43, 982 P.2d 679 (1999) (excludable delay for defense counsel's vacation); *State v. Flinn*, 154 Wn.2d 193, 201, 110 P.3d 748 (2005) (granting a trial continuance to allow the State additional time for trial preparation occasioned by newly received discovery is not an abuse of discretion); *State v. Eaves*, 39 Wn. App. 16, 20-21, 691 P.2d 245 (1984) (defense counsel's participation in another trial constituted good cause for a continuance).

¶15 The continuance ordered on January 3, 2006, which was within the previous excludable period, was caused by the witness's departure from the country without informing the prosecutor. The unavailability of a material State witness may provide a valid basis for a continuance. *State v. Day*, 51 Wn. App. 544, 549, 754 P.2d 1021 (1988). The trial court does not abuse its discretion in granting a continuance when there is a valid reason for the witness's unavailability, the witness will become available within a reasonable time, and the continuance will not substantially prejudice the defendant. *Id.*

¶16 These requirements are not satisfied, however, unless the party whose witness is absent proves it acted with due diligence in seeking to secure that witness's presence at

trial. *State v. Nguyen*, 68 Wn. App. 906, 915-16, 847 P.2d 936 (1993). "[A] party's failure to make 'timely use of the legal mechanisms available to compel the witness' presence in court' preclude[s] granting a continuance for the purpose of securing the witness' presence at a subsequent date." *State v. Adamski*, 111 Wn.2d 574, 579, 761 P.2d 621 (1988) (quoting *State v. Toliver*, 6 Wn. App. 531, 533, 494 P.2d 514 (1972)). Thus, "the issuance of a subpoena is a critical factor in granting a continuance." *State v. Wake*, 56 Wn. App. 472, 476, 783 P.2d 1131 (1989).

¶17 Mr. McIntosh and Mr. Iniguez argue that because the State did not serve a separate subpoena to the witness for the January 4 trial date, the State cannot show due diligence. But the witness here was served for the previous trial date. Division One of this court has held that "a subpoena ordinarily imposes upon the summoned party a continuing obligation to appear until discharged by the court or the summoning party." *State v. Tatum*, 74 Wn. App. 81, 86, 871 P.2d 1123 (1994).

¶18 In *State v. Alford,* the defendant argued that the State did not act diligently to secure the attendance of a subpoenaed witness who was out of state at the time of trial. *State v. Alford*, 25 Wn. App. 661, 665, 611 P.2d 1268 (1980), *aff'd sub nom. State v. Claborn*, 95 Wn.2d 629, 628 P.2d 467 (1981). The court held that by showing the witness was under subpoena and unavailable for trial, the State complied with the basic requirements of due diligence. The court did not abuse its discretion in granting a trial continuance. According to the rule in *Tatum,* the same would be true here.

¶19 The trial court here noted that although the witness did not have a date certain for his appearance, he was under subpoena; he had simply failed to report before leaving. The court found that the State had taken reasonable steps to notify the witness of the new trial date, but the fact that he had left the country for the holidays was a reasonable basis to reschedule the trial. The witness had been cooperative; he had attended all previous meeting

requests and complied with all defense discovery requests. The court then continued the trial to February 8. Guided by *Tatum* and *Alford*, we find no error under the speedy trial rules.

## B. Constitutional Speedy Trial

■ ¶20 Mr. Iniguez argues that his constitutional right to a speedy trial was violated. A criminal defendant's right to a speedy trial is guaranteed by both our federal and state constitutions. U.S. CONST. amend. VI; CONST. art. I, § 22. "[T]he constitutional right to speedy trial is not violated at the expiration of a fixed time, but at the expiration of a reasonable time." *State v. Monson*, 84 Wn. App. 703, 711, 929 P.2d 1186 (1997) (citing *State v. Higley*, 78 Wn. App. 172, 184-85, 902 P.2d 659 (1995)).

■ ¶21 The right to speedy trial afforded by the Sixth Amendment attaches when a charge is filed or an arrest made that holds one to answer a criminal charge, whichever occurs first. *State v. Corrado*, 94 Wn. App. 228, 232, 972 P.2d 515 (1999) (citing *Higley*, 78 Wn. App. at 184 (citing *United States v. Loud Hawk*, 474 U.S. 302, 310-11, 106 S. Ct. 648, 88 L. Ed. 2d 640 (1986))); *United States v. Marion*, 404 U.S. 307, 320, 92 S. Ct. 455, 30 L. Ed. 2d 468 (1971); *Dillingham v. United States*, 423 U.S. 64, 65, 96 S. Ct. 303, 46 L. Ed. 2d 205 (1975). Thus, even when no formal charge is pending, the restraint of an arrest triggers Sixth Amendment speedy trial protections. *Corrado*, 94 Wn. App. at 232 (citing *Loud Hawk*, 474 U.S. at 310 (citing *Marion*, 404 U.S. at 320)).

■■ ¶22 When determining whether delay is unconstitutional, the court considers the length of the delay, the reason for the delay, whether the defendant asserted the right, the prejudice to the defendant, and such other circumstances as may be relevant. *State v. Whelchel*, 97 Wn. App. 813, 823-24, 988 P.2d 20 (1999) (quoting *State v. Fladebo*, 113 Wn.2d 388, 393, 779 P.2d 707 (1989) (quoting *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972))). Notably, the presumption that delay has

prejudiced the defendant " 'intensifies over time.' " *Corrado,* 94 Wn. App. at 233 (quoting *Doggett v. United States,* 505 U.S. 647, 652, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992)).

¶23 Here, Mr. Iniguez was arrested on May 25, 2005. He was brought to trial on his 260th day of incarceration— almost 9 months after his arrest. He was in custody pending trial, he persistently demanded a speedy trial or severance, and he was not responsible for any of the delays.

¶24 When examining the reasons for delay, the court must keep in mind that "different weights should be assigned to different reasons." *Barker,* 407 U.S. at 531. Even if the reason for delay is neutral, rather than improper, "the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Id.*

¶25 As stated, Mr. Iniguez had no hand in the delay. The delay was caused by requests of his codefendant or codefendant's counsel—unavailability because of vacation and trial schedule—and the State's requests for additional time to interview Mr. McIntosh's defense witnesses and to allow a witness to return from vacation.

¶26 When delay is caused by a codefendant joined by the government, a delay is generally acceptable except when the accused demands a speedy trial. *United States v. Grimmond,* 137 F.3d 823, 828-29 (4th Cir. 1998). In that case, "a defendant's invocation of his Sixth Amendment right to a speedy trial . . . would trump" the policy of joining the trials of defendants who are indicted together. *Id.* at 828. That is the case here.

¶27 The unavailability of a key witness is a valid reason for delaying a trial. *Barker,* 407 U.S. at 531. But for this reason to serve as a valid justification for delay, the government must not be responsible for the witness's unavailability, and it must diligently attempt to locate the witness or otherwise make him available to testify. *Cain v. Smith,* 686 F.2d 374, 382 (6th Cir. 1982). "A defendant's speedy trial rights do not depend on how convenient the trial date is to potential witnesses." *Id.* (citing *Strunk v.*

*United States*, 412 U.S. 434, 439 n.2, 93 S. Ct. 2260, 37 L. Ed. 2d 56 (1973)).

¶28 Here, the State failed to inform the witness of the new trial date until less than one week before trial. When the trial court learned of the delay and the reason, the court did not order the witness to return earlier than planned. Instead, the court set the trial date for the earliest date after the witness's return—more than one month later. Because Mr. Iniguez requested severance and demanded his right to a speedy trial and that this was the final (and under *Doggett*, the most intensive) delay—this delay was not reasonable.

¶29 "The defendant's assertion of his speedy trial right . . . is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." *Barker*, 407 U.S. at 531-32. "The timeliness, vigor, and frequency with which the right to a speedy trial is asserted are probative indicators of whether a defendant was denied needed access to a speedy trial over his objection." *Cain*, 686 F.2d at 384 (citing *Barker*, 407 U.S. at 528-29; *United States v. Avalos*, 541 F.2d 1100, 1115 (5th Cir. 1976); *United States v. Netterville*, 553 F.2d 903, 914 (5th Cir. 1977)).

¶30 Here, Mr. Iniguez—through counsel and pro se—objected to delaying the trial, asserted his right to a speedy trial, and/or demanded severance on each occasion he was before the court, even if delay was not the topic then before the court. "Delay which occurs after a speedy trial is demanded should be scrutinized with particular care." *Cain*, 686 F.2d at 382 (citing *United States v. Carini*, 562 F.2d 144 (2d Cir. 1977); *United States v. New Buffalo Amusement Corp.*, 600 F.2d 368, 377-78 (2d Cir. 1979)).

¶31 "Although not essential to finding a violation of speedy trial rights, prejudice is a major consideration." *Corrado*, 94 Wn. App. at 233 (citing *Higley*, 78 Wn. App. at 185 (citing *Moore v. Arizona*, 414 U.S. 25, 26, 94 S. Ct. 188, 38 L. Ed. 2d 183 (1973))). Prejudice "should be assessed in the light of the interests . . . the speedy trial right was

designed to protect." *Barker*, 407 U.S. at 532. These interests include: (1) preventing oppressive pretrial incarceration, (2) minimizing the anxiety and concern of the accused, and (3) limiting the possibility that the defense will be impaired. *Id.* Of these interests, "the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.*; *see also Doggett*, 505 U.S. at 654 (stating the same). Mr. Iniguez has a valid claim of prejudice on the first two interests, but he lacks evidence of the last.

¶32 Still, "consideration of prejudice is not limited to the specifically demonstrable" and "affirmative proof of particularized prejudice is not essential to every speedy trial claim." *Doggett*, 505 U.S. at 655. The Supreme Court in *Doggett* reasoned that "impairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony 'can rarely be shown.'" *Id.* (quoting *Barker*, 407 U.S. at 532). Generally, "excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." *Id.* "While such presumptive prejudice cannot alone carry a [speedy trial] claim without regard to the other *Barker* criteria," "it is part of the mix of relevant facts" and "its importance increases with the length of delay." *Id.* at 655-56.

¶33 Depending on the nature of the charges, most courts have generally found that a delay is presumptively prejudicial if it approaches one year. *Id.* at 652 n.1. Many courts have held that an eight-month delay is presumptively prejudicial. *E.g., United States v. Beamon*,[2] 992 F.2d

---

[2] *Accord United States v. Koller*, 956 F.2d 1408, 1414 (7th Cir. 1992) (8-month delay presumptively prejudicial on drug charges); *State v. Johnson*, 119 Idaho 56, 803 P.2d 557, 560 (Ct. App. 1990) (approximately 8-month delay on forgery claim); *State v. Olmsted*, 1998 MT 301, 292 Mont. 66, 968 P.2d 1154, 1162 (256-day delay for burglary and drug possession), *overruled in part by State v. Ariegwe*, 2007 MT 204, 338 Mont. 442, 167 P.3d 815; *Jones v. State*, 944 S.W.2d 50, 53 (Tex. App. 1997) (8½ month delay on delivery of cocaine charge); *see also United States ex rel. Fitzgerald v. Jordan*, 747 F.2d 1120, 1127 (7th Cir. 1984) (holding that a delay of 8 months is enough to provoke a speedy trial inquiry); *Smith v. State*, 550 So. 2d 406, 408 (Miss. 1989) ("While there are some exceptions to the rule, 'it may

1009, 1012-13 (9th Cir. 1993) (noting that the Second Circuit in *United States v. Vassell*, 970 F.2d 1162, 1164 (2d Cir. 1992) found a general consensus that a delay of 8 months is presumptively prejudicial). Division Two of this court found that a delay of 11 months was presumptively prejudicial. *Corrado*, 94 Wn. App. at 233-34. We agree with these courts and hold that an 8-month delay is presumptively prejudicial and we conclude that Mr. Iniguez was denied his constitutional right to a speedy trial. We therefore need not address his other contentions.

## 2. AMBIGUOUS JUDGMENT AND SENTENCE

¶34 Mr. McIntosh contends that the total amount of confinement set forth in his judgment and sentence is ambiguous because it could be read to impose a sentence of 390 months for each count of robbery, instead of the correct and intended amount of 210 months per count. The State responds that any ambiguity is clarified by the court's oral ruling. We agree.

¶35 "A sentence must be 'definite and certain.' " *State v. Jones*, 93 Wn. App. 14, 17, 968 P.2d 2 (1998) (quoting *Grant v. Smith*, 24 Wn.2d 839, 840, 167 P.2d 123 (1946)). In its oral ruling, the sentencing court imposed a midrange sentence of 150 months' for each count of first

generally be said that any delay of eight months or longer is presumptively prejudicial.' ") (internal quotation marks omitted) (quoting 2 WAYNE R. LaFAVE & JEROLD H. ISRAEL, CRIMINAL PROCEDURE § 18.2 (1984)); *State v. Dixon*, 969 S.W.2d 252, 256 (Mo. Ct. App. 1998) ("[A] delay of eight months or longer should be considered presumptively prejudicial."); *City of Billings v. Bruce*, 1998 MT 186, 290 Mont. 148, 965 P.2d 866, 877 (establishing 200 days as length of delay necessary to trigger further analysis), *overruled in part by Ariegwe*, 2007 MT 204; *Pierce v. State*, 921 S.W.2d 291, 294 (Tex. App. 1996) ("Most delays of eight months or longer are considered presumptively unreasonable and prejudicial."). *But see United States v. Lugo*, 170 F.3d 996, 1002 (10th Cir. 1999) (holding no presumptive prejudice for approximately 7-month delay on charges of possession of cocaine with intent to distribute and reentry of deported alien); *United States v. Derose*, 74 F.3d 1177, 1185 (11th Cir. 1996) (rejecting presumptive prejudice claim on 8-month delay for charges of possession of marijuana with intent to distribute); *United States v. Delario*, 912 F.2d 766, 769 (5th Cir. 1990) (finding no presumptive prejudice for 8½ month delay on drug charges); *State v. Utley*, 956 S.W.2d 489, 491 (Tenn. 1997) (8-month delay; armed robbery); *Tobias v. State*, 884 S.W.2d 571, 586 (Tex. App. 1994) (approximately 9-month delay; coercion of public servant).

degree robbery. It then added a 60-month firearm enhancement to each count. The court correctly ordered the underlying sentences to run concurrently and the enhancements to run consecutively. This amounted to a total confinement of 390 months. However, in paragraph 4.5 of the judgment and sentence, the court ordered 390 months' confinement for each robbery count, failing to record this amount in the section provided for months of "total confinement." Clerk's Papers (cause no. 25223-0-III) at 24. Instead, paragraph 4.5(a) should have indicated 210 months' confinement per count, with a total confinement of 390 months (150 plus 240).

¶36 Any ambiguity in this paragraph, however, is clarified by the court's oral ruling, where it instructed counsel to "just put 390 months on each count and I understand that 60 months on each count is consecutive with each other and consecutive with the 150 for a total of 390 months on each count one through four." Report of Proceedings (May 16, 2006) (cause no. 25223-0-III) at 9. In view of the record, Mr. McIntosh's sentence is not ambiguous, but remand is appropriate to correct paragraph 4.5 of the judgment and sentence form to reflect the correct and intended sentence of 210 months per count and total confinement of 390 months.

### 3. STATEMENT OF ADDITIONAL GROUNDS

¶37 Finally, we have reviewed Mr. McIntosh's statement of additional grounds for review and conclude that it raises no meritorious issues.

## CONCLUSION

¶38 Because Mr. Iniguez's constitutional right to speedy trial was denied, his conviction is reversed and dismissed with prejudice. We affirm Mr. McIntosh's conviction but remand to correct the judgment and sentence.

SWEENEY, C.J., and KULIK, J., concur.

Reconsideration granted and opinion modified July 3, 2008.

Review granted for defendant Iniguez at 164 Wn.2d 1025 (2008); review denied for defendant McIntosh at 164 Wn.2d 1028 (2008).