[No. 10702-0-I.  Division One.  June 6, 1983.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID BENN BAILEY, *Appellant*.

*Robert Egger,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *Joanne Y. Maida, Deputy,* for respondent.

WILLIAMS, J.—David Benn Bailey brought this appeal from a King County Superior Court proceeding at which he was sentenced for committing the crimes of robbery in the first degree and kidnapping in the first degree. In this

appeal, Bailey does not allege error in the sentencing hearing but, rather, seeks to raise issues stemming from his trial on the charges. Because that trial has already been thoroughly reviewed by this court, see *State v. Bailey*, noted at 28 Wn. App. 1049 (1981) (causes 6321–9–I, 8658–8–I), we dismiss the appeal.

In September 1977, Bailey was convicted by jury verdict of robbery in the first degree and three counts of first degree kidnapping. By special verdict, the jury found that Bailey committed the robbery while armed with a firearm. After being adjudged a habitual criminal, Bailey was sentenced and judgment was entered.

Bailey appealed from the judgment to this court. Cause 6321–9–I. He then filed a personal restraint petition. Cause 7772–4–I. By order of this court dated September 20, 1979, the personal restraint petition was consolidated with Bailey's direct appeal. The order further stated that the petition would be considered a pro se supplemental brief and that both matters would thereafter "be captioned under No. 6321–9–I."

Bailey then filed a second personal restraint petition. Cause 8658–8–I. This court, by order dated May 28, 1980, ruled that both causes (6321–9–I and 8658–8–I) would be considered together.

The opinion in cause 6321–9–I (Bailey's direct appeal) and 8658–8–I (Bailey's personal restraint petition) was filed on March 31, 1981. The opinion affirmed in part but vacated the firearm and habitual criminal findings based on *State v. Workman*, 90 Wn.2d 443, 584 P.2d 382 (1978) and *State v. Holsworth*, 93 Wn.2d 148, 607 P.2d 845 (1980). The cause was remanded to the trial court for resentencing.

Bailey was resentenced in July 1981. He then took this appeal, the second direct appeal from the judgment in his case. Some of the contentions raised in this appeal were raised in the first direct appeal or in his personal restraint petition, others he seeks to raise for the first time.

The dispositive question is whether the State's motion to dismiss the appeal should be granted. As authority for its

motion, the State cites both RAP 18.9(c)(2), which allows for the dismissal of appeals which are "frivolous, moot, or solely for the purpose of delay", and the law of the case doctrine. *See State v. Sauve,* 33 Wn. App. 181, 652 P.2d 967 (1982).

■ Of the issues brought in this appeal, none were considered by the trial court on remand. Moreover, three of the issues (concerning the powers of district court judges to issue search warrants, the trial court's instructions to the jury, and the admissibility of certain evidence) were not raised in the first appeal. The remaining issues (Bailey's arguments relating to his motion for a new trial and the effectiveness of his trial counsel) were discussed and decided in this court's prior decision. State v. Bailey, cause 6321-9-I, at 7-9 (1981). The law in cases such as this is clear:

> This court from its early days has been committed to the rule that questions determined on appeal or questions which might have been determined had they been presented, will not again be considered on a subsequent appeal in the same case.

*Davis v. Davis,* 16 Wn.2d 607, 609, 134 P.2d 467 (1943).

The appeal is dismissed.

DURHAM, A.C.J., and SWANSON, J., concur.

Reconsideration denied September 8, 1983.

Review denied by Supreme Court December 2, 1983.