970 F.2d 1162
 UNITED STATES of America, Appellee,
v.
Eric VASSELL, Donald Vassell, Robert W. Bell, Courtney
McCallum, Alvin Anthony Grant, Rohan McGeachy, Steve
Robinson, Andrew Barrington, Ivor Parker, Anthony Williams,
Able Larkland, Desmond Brown, Barris Williams, Christopher
Rodriguez Bentley, Nigel Demetrius, Roland Louis Desdune,
Anthony Junior Buarke, Everton Miller, Garfield Robinson,
Maurice Baker, Morris Anthony Kirkland, Sherwin Birkett,
Lenox Williams, Hamilton South, Kevin Lnu, Adolph Shawn,
Jeff Lnu, Michael Myers, James Sterling, Edward Sterling,
Andrea Bambury, Michael Lnu, Donald A. Edwards, Leslie
Charles, Rosetta Hines, Lashon Warren, Etoria Walker, Sonja
Grant, J.B. Williams, Kenneth Weatherspoon, Trevor McLeod,
Van George Edwards, Defendants,
Paul A. Moore, Anthony E. Colquhoun, and Dennis Winston
Dunn, Defendants-Appellants.
 Nos. 1608, 1563 and 1627, Dockets 92-1045, 92-1046 and 92-1061.
 United States Court of Appeals,
Second Circuit.
 Argued June 5, 1992.
Decided Aug. 3, 1992.
 
 Peter J. Fabricant, New York City, for defendant-appellant Anthony E. Colquhoun.
 Daniel H. Murphy, II, New York City, for defendant-appellant Paul A. Moore.
 Hal Meyerson, New York City, for defendant-appellant Dennis Winston Dunn.
 Geoffrey S. Mearns, Asst. U.S. Atty., Brooklyn (Andrew J. Maloney, U.S. Atty., E.D.N.Y., of counsel), for appellee.
 Before OAKES, Chief Judge,* McLAUGHLIN, Circuit Judge, and LAY, Senior Circuit Judge.**
 McLAUGHLIN, Circuit Judge:
 
 
 1
 There are three defendants-appellants--Paul A. Moore ("Moore"), Dennis Winston Dunn ("Dunn"), and Anthony Colquhoun ("Colquhoun"). Moore asks us to review a judgment of the United States District Court for the Eastern District of New York (Reena Raggi, Judge ), convicting him, after a jury trial, of five different offenses relating to his involvement in a narcotics distribution organization. Colquhoun and Dunn challenge only their sentences imposed by Judge Raggi, following their pleas of guilty, for offenses pertaining to the same narcotics organization. For the reasons set forth below, we affirm both the conviction and sentences.
 
 BACKGROUND
 
 2
 In 1979, Eric Vassell established a modest marijuana distribution operation in Brooklyn, New York. During the 1980's, the enterprise expanded, and began to sell heroin and cocaine. Vassell recruited others to join the thriving business. Appellants are three of these recruits.
 
 A. Moore
 
 3
 Moore joined the Vassell organization in 1985. He worked in Brooklyn until 1988, when Vassell sent him to Dallas, Texas to set up a "crack" cocaine operation. Other crack dealers had previously set up competing shops in Dallas, however. Territorial disputes arose between the Vassell organization and the other enterprises. The conflicts gradually escalated, and on April 7, 1989, Moore and another Vassell employee murdered rival dealer Harry Spence.
 
 
 4
 A warrant for Moore's arrest was issued in Texas. Some time later, Moore returned to Brooklyn, where he was arrested on the Texas warrant on October 12, 1990. Federal authorities then discovered his involvement in the Vassell business. Along with 43 others (including Colquhoun and Dunn), Moore was indicted on charges of conspiracy to commit (1) various narcotics crimes; (2) money laundering; and (3) passport fraud.
 
 
 5
 Moore was arraigned on December 21, 1990. At the arraignment, the district court informed Moore that, during an earlier arraignment of several co-defendants, the court had designated the case as "complex" for purposes of the Speedy Trial Act, 18 U.S.C. § 3161, et seq. (the "Act"). This would result in a trial later than otherwise mandated by the Act. Although all other defendants conceded that the "complex" designation was appropriate, Moore objected, and orally moved for a severance from his co-defendants, and a trial "forthwith."
 
 
 6
 The district court denied Moore's motion, finding that the quantity of evidence and the difficulty of the case warranted a "complex" designation. Lest he be forgotten, Moore filed a written motion for severance two months later. Again, the motion was denied.
 
 
 7
 Shortly after Moore filed his written motion, the grand jury returned a superseding indictment against all defendants. This indictment charged Moore with racketeering, narcotics conspiracy and distribution, murder, attempted murder, money laundering conspiracy, and conspiracy to illegally structure money transactions, and also charged Moore's co-defendants with additional offenses. The superseding indictment triggered a fusillade of pre-trial motions by Moore's co-defendants. Because of the time needed to consider these motions, the district court scheduled July 22, 1991 as the first day for trial.
 
 
 8
 Prior to trial, Moore moved to dismiss the murder charge and the narcotics distribution charge. The district court granted both motions. The trial started on July 22nd, as scheduled, and four weeks later, Moore was convicted on all counts that were submitted to the jury. The district court sentenced him to life imprisonment.
 
 
 9
 On appeal, Moore argues that the seven-month delay between his arraignment and the commencement of trial warrants a reversal of his conviction. At oral argument, Moore conceded that the delay did not violate the Speedy Trial Act. Thus, we need only consider his argument that the delay ran afoul of his Sixth Amendment right to a speedy trial.B. Dunn and Colquhoun
 
 
 10
 Dunn joined the Vassell enterprise in 1988. Colquhoun, who is Vassell's nephew, began participating in his uncle's operation in September 1990. Both were arrested in December 1990.
 
 
 11
 On February 21, 1991, Dunn pleaded guilty to: (1) conspiracy to distribute heroin, cocaine, and crack, and (2) conspiracy to launder narcotics proceeds. One month later, Colquhoun pleaded guilty to conspiracy to distribute heroin, cocaine, and crack. Both defendants cooperated with the government, and were rewarded with a motion requesting a downward departure from their imprisonment range, pursuant to U.S.S.G. § 5K1.1 (a "5K1.1 motion").
 
 
 12
 Dunn's Pre-Sentence Report ("PSR") recommended an imprisonment range of 360 months to life, while Colquhoun's range was 151 to 188 months. Each defendant challenged several aspects of his PSR. The district court rejected their arguments, and adopted the recommendations of each PSR. However, the court granted both 5K1.1 motions, sentencing Dunn to seventy-two months imprisonment, and Colquhoun to sixty months.
 
 
 13
 Despite the district court's significant downward departures, Dunn and Colquhoun appeal the court's adoption of the sentencing ranges in the PSR. These claims need not detain us. The district court's adoption of each PSR was amply supported by the evidence, and thus the court departed from the correct sentencing range in each instance. We affirm the sentences imposed on Dunn and Colquhoun, and, accordingly, we write solely to address Moore's claim that the delay between his arraignment and trial violated the Sixth Amendment.
 
 DISCUSSION
 
 14
 Four factors determine whether a pre-trial delay violates the Sixth Amendment: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the extent of prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530-32, 92 S.Ct. 2182, 2192-93, 33 L.Ed.2d 101 (1971).
 
 
 15
 We first ascertain whether the length of the delay is "presumptively prejudicial." Id.; Doggett v. United States, --- U.S. ----, ----, 112 S.Ct. 2686, 2688, 120 L.Ed.2d 520 (1992). Unless the delay meets this standard, examination of the other Barker factors is unnecessary. Barker, 407 U.S. at 530, 92 S.Ct. at 2192; Doggett, --- U.S. at ----, 112 S.Ct. at 2688.
 
 
 16
 It comes as no surprise that courts have been unable to define "presumptively prejudicial." One commentator discerns a general consensus that a delay of over eight months meets this standard, while a delay of less than five months does not. Gregory P.N. Joseph, Speedy Trial Rights in Application, 48 Fordham L.Rev. 611, 623 n. 71 (1980) (collecting cases), cited in Doggett, --- U.S. at ----, 112 S.Ct. at 2688. Here, seven months elapsed between Moore's arraignment and the commencement of his trial. We need not decide whether this delay is "presumptively prejudicial," however, because even assuming arguendo that it is, the remaining Barker factors do not favor Moore.
 
 
 17
 This was a difficult case. The government indicted forty-four people for their participation in the Vassell organization. The government's vast array of witnesses and physical evidence included scores of surveillance photographs, hundreds of videotapes, and myriad documents. The 43 other defendants conceded prior to trial that the case was properly designated as "complex." All the defendants, including Moore himself, made numerous pre-trial motions. Once begun, the trial lasted four weeks. With so many defendants, such extensive evidence, and considerable pre-trial maneuverings, it is wholly justifiable, and indeed commendable, that a trial took place within seven months of the initial indictment.
 
 
 18
 Although it is clear that Moore vociferously requested an immediate trial, he has failed to demonstrate any prejudice from the delay. At trial, Moore did not call any witnesses or present any evidence. He does not claim that his defense strategy would have differed but for the delay. Because the seven months between indictment and trial did not alter his defense, we hold that he did not suffer prejudice from the delay. See United States v. Loud Hawk, 474 U.S. 302, 315, 106 S.Ct. 648, 656, 88 L.Ed.2d 640 (1986) ("possibility of prejudice is not sufficient to support [a defendant's] position that [his] speedy trial rights were violated").[1]
 
 
 19
 Moore emphasizes the second and fourth Barker factors. He asserts that the government orchestrated the delay in order to persuade one of his co-defendants to plead guilty and testify against him at trial.[2] He further claims that the government's actions "overwhelmed" his defense theory that the evidence against him was insufficient--whatever that means. The government counters that the co-defendant's testimony was merely the by-product of the case's complexity. We need not resolve these conflicting explanations, because Moore's own interpretation of the delay does not involve a violation of the Sixth Amendment.
 
 
 20
 In Doggett, the Supreme Court conceded that "pretrial delay is often both inevitable and wholly justifiable. The government may need time to collect witnesses against the accused...." Doggett, --- U.S. at ----, 112 S.Ct. at 2693. One of the government's most effective ways to "collect" witnesses against an accused is to offer an accomplice a guilty plea to a lesser charge, in exchange for his testimony against the accused.
 
 
 21
 A guilty plea takes time to negotiate. A defendant may initially reject the plea offered by the government. Because prosecutors must obtain approval of a plea from their superiors, negotiations may drag on almost interminably. At some point the process may become so extreme as to prejudice co-defendants who are either not offered a plea, or who reject the plea offer. However, we are not called upon to establish a rigid time table prescribing how long the government may take to procure a guilty plea. Rather, consistent with the ad hoc balancing required by Barker, we hold only that a seven-month delay in a complex case is not transformed into a Sixth Amendment violation just because the government sought the delay to encourage a co-defendant to testify against a remaining defendant at trial.
 
 CONCLUSION
 
 22
 We affirm the sentences imposed on Dunn and Colquhoun. We also hold that the delay between Moore's indictment and his trial did not violate his Sixth Amendment right to a speedy trial.
 
 
 23
 AFFIRMED.
 
 
 
 *
 After argument, but before decision, Chief Judge Oakes became a Senior Circuit Judge
 
 
 **
 Honorable Donald P. Lay of the United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 [1]
 We are aware of the Supreme Court's determination in Doggett that a defendant's failure to show prejudice is not necessarily fatal to a speedy trial inquiry. The instant case, however, is readily distinguishable from Doggett. In Doggett, a particularized showing of prejudice was unnecessary because of (1) the eight-and-one-half year delay between indictment and trial, and (2) the government's negligence in causing the delay. Doggett, --- U.S. at ---- - ----, 112 S.Ct. at 2694. By contrast, the delay here was only seven months, and was due to the great complexity of the case
 
 
 [2]
 Defendant Rohan McGeachey pleaded guilty prior to trial, and testified about Moore's extensive involvement in the Brooklyn and Dallas branches of the Vassell enterprise