70 F.3d 1280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clifford Jay BALLAM, Defendant-Appellant.
 No. 94-10541.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 17, 1995.
Decided Dec. 1, 1995.
 
 BEFORE: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges
 FLETCHER, Circuit Judge:
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Clifford Jay Ballam appeals his convictions for drug and firearms charges. He plead guilty but reserved for appeal speedy trial claims. He argues that prosecutorial delay violated his rights under the Speedy Trial Act, 18 U.S.C. Sec. 3161 et seq., and the Fifth and Sixth Amendments to the United States Constitution. We vacate the convictions and remand for fact finding.
 
 I. FACTS AND PRIOR PROCEEDINGS
 
 3
 After an investigation by both state of Nevada and federal law enforcement officers, state officials arrested Ballam on February 20, 1993, on state drug, theft, and firearms charges. The state of Nevada immediately initiated criminal proceedings against Ballam. On February 26, 1993, a Nevada state court arraigned Ballam. On March 1, 1993, the court released Ballam on bail. On March 24, 1993, a state grand jury indicted Ballam.
 
 
 4
 On April 14, 1993, fifty-three days after his February 20 arrest, a federal grand jury indicted Ballam. On the same day, the federal court issued a warrant for Ballam's arrest. However, Ballam remained at large. The parties dispute whether the federal government attempted to locate and arrest Ballam, or otherwise notify him of the pending charges. On May 21, 1993, the state dismissed its indictment.
 
 
 5
 State officials arrested Ballam on unrelated drug charges on July 28, 1993. The next day, a United States Marshall lodged a detainer against Ballam with the county jail that held him. Ballam claims that he had no notice of the federal detainer until September of 1993, when it came up during a state court appearance. In November of 1993, the parties began plea negotiations. The parties exchanged letters concerning plea negotiations on December 10, 1993, and on January 25, 1994.
 
 
 6
 On March 11, 1994, the Nevada court convicted Ballam on the new state charges and sentenced him to time served (7 months and 11 days) and a special assessment of $85. However, rather than releasing Ballam, the county jail held Ballam under the federal detainer.
 
 
 7
 On May 13, 1994, federal authorities took custody of Ballam. On May 16, 1994, more than thirteen months after his federal indictment on April 14, 1993, Ballam made his initial appearance before a United States Magistrate. Ballam was arraigned on May 23, 1994, and trial was set for July 12, 1994. On June 6, 1994, Ballam moved to dismiss the indictment for violating his statutory and constitutional rights to a speedy trial. The federal district court rejected this motion. On July 8, 1994, Ballam entered a conditional guilty plea, reserving his right to appeal on speedy trial grounds.
 
 II. JURISDICTION
 
 8
 The district court had subject matter jurisdiction under 18 U.S.C. Sec. 3231. This court has jurisdiction over the district court's final judgment under 28 U.S.C. Sec. 1291.
 
 III. STANDARD OF REVIEW
 
 9
 This court reviews factual findings that underlie the Speedy Trial Act and constitutional challenges for clear error and questions of law regarding their interpretation de novo. United States v. Benitez, 34 F.3d 1489, 1493 (9th Cir.1994) (citing United States v. Nash, 946 F.2d 679, 680 (9th Cir.1991)), cert. denied, 115 S.Ct. 1268 (1995).
 
 IV. DISCUSSION
 
 10
 The defendant raises three issues on appeal. First, did the delay from indictment to trial violate the defendant's right under the Sixth Amendment to a speedy trial? Second, did the delay from arrest to indictment violate the defendant's rights under the Speedy Trial Act? Third, did the delay from arrest to indictment violate the defendant's right under the Fifth Amendment to due process?
 
 
 11
 A. THE SIXTH AMENDMENT RIGHT TO A SPEEDY TRIAL
 
 
 12
 While the federal government indicted Ballam on April 14, 1993, Ballam was not taken into custody by federal authorities until May 13, 1994, and did not appear before a magistrate until May 16, 1994, by which time more than thirteen months had passed. The defendant argues that the district court erred by rejecting his claim that this post-indictment delay violated his right to a speedy trial guaranteed by the Sixth Amendment. Because the district court failed to make adequate factual findings to permit appellate review, we remand.
 
 
 13
 The Sixth Amendment of the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial...." U.S. Const. amend. VI. The United States Supreme Court established a four factor test to determine whether the government violated this right: (1) "whether delay before trial was uncommonly long," (2) "whether the government or the criminal defendant is more to blame for that delay," (3) "whether, in due course, the defendant asserted his right to a speedy trial," and (4) "whether he suffered prejudice because of the delay." Doggett v. United States, 112 S.Ct. 2686, 2690 (1992) (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)).
 
 
 14
 The defendant must pass a threshold showing of "presumptively prejudicial" delay before the court will consider the other Barker factors. Beamon, 992 F.2d at 1012. The judicial consensus of how much time must go by before a delay is presumed prejudicial ranges from eight months, United States v. Vassell, 970 F.2d 1162, 1164 (2d.Cir.), cert. denied sub nom., Moore v. United States, 113 S.Ct. 627 (1992), to one year. Doggett, 112 S.Ct. at 2691 n. 1. In the instant case, thirteen months elapsed between Ballam's indictment and his first appearance before a magistrate. He is therefore entitled to a presumption that the delay was prejudicial.
 
 
 15
 However, "presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other Barker criteria...." Doggett, 112 S.Ct. at 2693. Consequently, Ballam's claim depends upon the remaining two factors: which party is more to blame for the delay, and whether Ballam requested a speedy trial.
 
 
 16
 The parties vigorously disagree as to the facts. The government claims Ballam never demanded a speedy trial. He, on the other hand, claims he made several timely requests to be "writted" into federal custody to dispose of the federal charges before the state proceedings were complete. Similarly, the government claims Ballam is to blame for the delay, asserting that ATF agents repeatedly tried to locate and arrest him. Ballam, on the other hand, claims the government is to blame, asserting it made no effort to locate him, that he did not evade arrest and continued to live openly in the area, and that he had no knowledge of the federal indictment.
 
 
 17
 Despite the factual disputes, the district court did not hold an evidentiary hearing. It simply denied the defendant's motion to dismiss, stating that "[d]efendant has not made the requisite showing...." Federal Rule of Criminal Procedure 12(e) requires the court to "state its essential findings on the record." Facts are "essential" if they are needed for appellate review of the legal questions involved.
 
 
 18
 We remand for hearing and findings.
 
 B. THE SPEEDY TRIAL ACT
 
 19
 While state authorities arrested Ballam on February 20, 1993, the federal government did not indict him until April 14, 1993, by which time fifty-three days had passed. The defendant argues that the district court erred by rejecting his claim that this pre-indictment delay violated his rights under the Speedy Trial Act. Because the district court failed to make adequate factual findings to permit appellate review, we remand.
 
 
 20
 The Speedy Trial Act provides that "[a]ny ... indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested ... in connection with such charges." 18 U.S.C. Sec. 3161(b). If the government fails to meet this deadline, the Act requires the court to dismiss the charges. 18 U.S.C. Sec. 3162(a)(1).
 
 
 21
 The defendant's federal indictment followed his state arrest by fifty-three days. Thus, if the state arrest started the clock, the Speedy Trial Act requires dismissal of his federal indictment.
 
 
 22
 Generally, only a federal arrest will trigger the Speedy Trial Act, "[r]egardless of the degree of federal involvement in a state ... investigation and arrest....". United States v. Manuel, 706 F.2d 908, 915 (9th Cir.1983) (citing United States v. Adams, 694 F.2d 200, 202 (9th Cir.1982), cert denied, 462 U.S. 1118 (1983)). However, this is not true in cases of collusion between state and federal authorities: "Speedy Trial Act time periods may be triggered by state detentions that are merely a ruse to detain the defendant solely for the purpose of bypassing the requirements of the Act." Benitez, 34 F.3d at 1494 (citing United States v. Cepeda-Luna, 989 F.2d 353, 357 (9th Cir.1993)).
 
 
 23
 The government claims this was a simple case of routine cooperation between state and federal law enforcement personnel. The defendant, however, claims collusion. For support he offers the following. He claims the federal government usually takes the lead when prosecuting the use of firearms in a drug sale, yet the state government took the lead here. Second, the state prosecutors dismissed their case shortly after the federal indictment. Third, the delay ensured that Ballam would complete his state sentence before his federal sentencing, which would enhance his federal sentence and prevent concurrent service of his state and federal sentences.
 
 
 24
 We remand for hearing and findings.
 
 C. THE FIFTH AMENDMENT RIGHT TO DUE PROCESS
 
 25
 The defendant argues that the government's pre-indictment delay violated his right to due process under the Fifth Amendment by permitting it to gain an impermissible tactical advantage at sentencing. The defendant raises this claim for the first time on appeal. We decline to consider it.
 
 V. CONCLUSION
 
 26
 We vacate the convictions and remand for hearing and findings on Ballam's Speedy Trial Act and Sixth Amendment claims.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3