[No. 21424-5-II. Division Two. February 26, 1999.]
THE STATE OF WASHINGTON, *Respondent*, v. GEORGE LEWIS CORRADO, *Appellant*.

---

230

*Pattie Mhoon*, for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney*, and *Kathleen Proctor, Deputy*, for respondent.

ARMSTRONG, A.C.J. — George Corrado was initially charged with attempted first-degree murder. The jury acquitted Corrado of attempted first-degree murder, but convicted him of attempted second-degree murder. On appeal, we reversed because the State had tried Corrado without filing charges.[1] On remand, the State charged attempted first-degree and attempted second-degree murder. Corrado moved to dismiss on double jeopardy grounds. On August 28, 1995, the trial court granted the motion and the State appealed. But Corrado remained jailed on $25,000 bail. While the appeal was pending, Corrado filed with this court a "Motion for Emergency Proceeding," arguing that his imprisonment violated (1) his right to bail, CONST. art. I, § 20, and (2) Criminal Rule 8.8 (release of a defendant after a dismissal) and Rule of Appellate Procedure 7.2(f) (release of defendant in a criminal case pending appeal). By an order dated October 4, 1995, we denied the motion for emergency release and set the case for accelerated review.

On May 10, 1996, we filed our opinion holding that double jeopardy barred reprosecution of Corrado for attempted first-degree murder but not for attempted second-degree murder. Corrado was then charged with and convicted of attempted second-degree murder. On this appeal, Corrado contends that incarcerating him for 11

---

[1]The State moved to dismiss the original charges without prejudice because it could not locate the victim. When the victim was found the State started the trial but through clerical error neglected to refile the charges.

months pending the State's appeal violated his constitutional rights to a speedy trial and to due process of law.

## A. Speedy Trial

The United States Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial[.]" U.S. CONST. amend. VI. The Washington Constitution similarly provides, "In criminal prosecutions the accused shall have the right to . . . have a speedy public trial[.]" CONST. art. I, § 22.

The Sixth Amendment right to speedy trial attaches when a charge is filed or an arrest made, whichever occurs first. *State v. Higley*, 78 Wn. App. 172, 184, 902 P.2d 659 (1995) (citing *United States v. Loud Hawk*, 474 U.S. 302, 310-11, 106 S. Ct. 648, 88 L. Ed. 2d 640 (1986)). And when no charge is pending, the actual restraint of an arrest triggers Sixth Amendment speedy trial protections. *Loud Hawk*, 474 U.S. at 310 (citing *United States v. Marion*, 404 U.S. 307, 320, 92 S. Ct. 455, 30 L. Ed. 2d 468 (1971)).

Here, Corrado was incarcerated after the charges were dismissed, pending the State's appeal. Thus, Corrado was under actual restraint, which mandates analysis under the Sixth Amendment.

The United States Supreme Court has discussed the right to a speedy trial:

> [T]his Court has consistently been of the view that "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice." "Whether delay in completing a prosecution . . . amounts to an unconstitutional deprivation of rights depends upon the circumstances. . . . The delay must not be purposeful or oppressive[.]" "[T]he essential ingredient is orderly expedition and not mere speed."

*United States v. Ewell*, 383 U.S. 116, 120, 86 S. Ct. 773, 15 L. Ed. 2d 627 (1966) (citations omitted) (alteration in original).

The right to a speedy trial is violated not when a fixed time expires, but when a reasonable time expires. *Higley*, 78 Wn. App. at 185 (citing *Barker v. Wingo*, 407 U.S. 514, 537, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972) (White, J., concurring)). Of importance in deciding what is a reasonable time in a particular case are the length of the delay, the reason for the delay, whether the defendant asserted his right to speedy trial, and whether the delay prejudiced the defendant. *Higley*, 78 Wn. App at 184 (citing *Barker*, 407 U.S. at 530); *State v. Fladebo*, 113 Wn.2d 388, 393, 779 P.2d 707 (1989). Although not essential to finding a violation of speedy trial rights, prejudice is a major consideration. *Higley*, 78 Wn. App. at 184 (citing *Moore v. Arizona*, 414 U.S. 25, 26, 94 S. Ct. 188, 38 L. Ed. 2d 183 (1973)).

Length of Delay

█ Corrado contends that the length of the delay was "presumptively prejudicial." At the threshold, a defendant who makes a speedy trial argument must show that the State failed to prosecute his case with customary promptness. *Doggett v. United States*, 505 U.S. 647, 652, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992). If the defendant makes this showing, then the court must consider the extent of the delay. *Id*. And the presumption that delay has prejudiced the defendant "intensifies over time." *Id*.

█ The *Doggett* court suggested that a delay of one year is presumptively prejudicial. *Id*. at 652 n.1. Other courts have noted that shorter delays are presumptively prejudicial. *United States v. Beamon*, 992 F.2d 1009, 1012-13 (9th. Cir. 1993) (noting that the second circuit in *United States v. Vassell*, 970 F.2d 1162, 1164 (2d Cir. 1992), found a general consensus that eight months' delay is presumptively prejudicial). *See also United States ex rel. Fitzgerald v. Jordan*, 747 F.2d 1120, 1127 (7th Cir. 1984) (delay of eight months is enough to provoke a speedy trial inquiry).

The delay of over eleven months here is beyond the eight-

month threshold from *Vassell*, and very close to the one-year threshold in *Doggett*. We therefore hold that the delay was presumptively prejudicial. However, this presumption is just one factor to be weighed in determining whether Corrado's speedy trial rights have been violated.

## The reason for the delay

 Corrado's trial delay was caused by the State's appeal of the erroneous dismissal of the charge of attempted second-degree murder. Thus, the delay was not the fault of the State. Such a delay is not the "purposeful or oppressive" delay condemned in *Ewell*, 383 U.S. at 120. And to punish the State for an error of the trial court would infringe, without reason, upon the "rights of public justice." *Id.* (citation omitted). We conclude that the reason for the delay does not work in favor of Corrado's speedy trial argument.

## Defendant's assertion of his right to a speedy trial

 Corrado did not assert his *constitutional* right to a speedy trial after charges were refiled on August 2, 1996. Rather, he argued an untimely arraignment under CrR 3.3; but this argument was rejected by the trial court and has been abandoned on appeal. Although Corrado's failure to assert the right is not a waiver, *Barker*, 407 U.S. at 528-29, it does weigh against him.

## Prejudice

 The United States Supreme Court addressed prejudice in *Barker*:

> Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.

*Barker*, 407 U.S. at 532 (citations omitted).

The first and second factors support Corrado's argument. He was incarcerated for 11 months after the charges had been dismissed and we can assume this caused anxiety and concern. But the third and most important factor works against Corrado. *Barker* recognized the difficulty of showing this type of prejudice because time's erosion of exculpatory evidence and testimony "can rarely be shown." *Barker*, 407 U.S. at 532.

Corrado has not shown that the delay prejudiced his defense. He does not argue that he lost witnesses or was otherwise hampered in presenting evidence by the delay. As noted in *United States v. Mohawk*, 20 F.3d 1480, 1488 (9th Cir. 1994), it is difficult for a defendant to show actual prejudice to his ability to defend following a delay caused by an appeal. None of the typical indicia of harm, such as the disappearance of witnesses or the dissipation of memories, apply to a delay caused by an appeal. If witnesses disappear or change their story, the previous trial transcripts can be used either to refresh their memories, to impeach, or in lieu of live testimony. *See* ER 612, ER 613, ER 804(b)(1). In short, Corrado has not shown that either the State's case improved or his deteriorated because of the delay.

Balancing

Balancing these factors, Corrado was not denied his right to a speedy trial. The length of the delay was not excessive; the reason for the delay, the State's successful appeal, was valid; Corrado did not assert his speedy trial right before the trial court; and, while he suffered some prejudice by being incarcerated for 11 months, Corrado's defense was not impaired. On balance, Corrado's constitutional speedy trial rights were not violated.

B. Prior Appeal; Due Process

The Fourteenth Amendment to the United States Con-

stitution states, "nor shall any state deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. The Washington State Constitution also provides, "No person shall be deprived of life, liberty, or property, without due process of law." CONST. art. I, § 3. Corrado contends that incarcerating him after the superior court had dismissed the charges against him deprived him of his liberty without due process.

But an issue that was raised or could have been raised in a previous appeal may not be raised in a later appeal of the same case. *State v. Bailey*, 35 Wn. App. 592, 594, 668 P.2d 1285 (1983) (citation omitted). And this is so even where the issue is constitutional. *State v. Sauve*, 100 Wn.2d 84, 666 P.2d 894 (1983). Here, during the first appeal, Corrado, by emergency motion, argued that he was improperly incarcerated. Although he did not argue due process in the motion, he could have. His failure to do so precludes him from making the argument in this later appeal.

Affirmed.

SEINFELD and HUNT, JJ., concur.

Review denied at 138 Wn.2d 1011 (1999).