# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

EDWARD M. GOODMAN and
BERNICE S. GOODMAN,
husband and wife,

Respondents,

v.

MICHAEL J. GOODMAN and MARY F.
GOODMAN, husband and wife,

Appellants,

and

CHANCE GOODMAN, a single man;
and TYSON GOODMAN, a single man,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 72711-7-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: December 14, 2015

TRICKEY, J. — "'[Q]uestions determined on appeal, or which might have been determined had they been presented, will not again be considered on a subsequent appeal if there is no substantial change in the evidence at a second determination of the cause.'" State v. Clark, 143 Wn.2d 731, 745, 24 P.3d 1006 (2001) (internal quotation marks omitted) (quoting Folsom v. County of Spokane, 111 Wn.2d 256, 263, 759 P.2d 1196 (1988)). Mary Goodman appeals from proceedings involving a dispute over property in Skagit County. This court previously rejected the claim that she presents in this appeal. Additionally, Mary could have raised this claim in the first appeal. The law of the case doctrine precludes review. We affirm.

FACTS

Michael Goodman and Edward Goodman are brothers who own adjoining land in Skagit County. Edward[1] and Michael and their families peacefully coexisted until March 2010, when a dispute arose regarding easements on Michael's property. Edward and his wife Bernice filed a quiet title action in Skagit County Superior Court against Michael, Mary, and their two sons, Chance and Tyson.

Prior to trial, Tyson filed an affidavit of prejudice alleging that the trial judge was prejudiced against him and moving for her disqualification. On June 3, 2010, the trial judge denied this motion on the ground that she had previously made a discretionary ruling in the case after all four defendants had been served, and thus, the affidavit of prejudice was not timely.

The case proceeded to a bench trial. In January 2012, the court ruled in favor of Edward and Bernice. The court determined that Edward had established implied easements for use, quieted title to the easements, and enjoined Michael from interfering with Edward's use of the easements. It entered findings of fact, conclusions of law, and an order. Michael appealed that order to this court. Mary is listed as a party to that appeal.

While their appeal was pending, Michael filed in this court a motion to reverse the trial court's June 3, 2010 order denying Tyson's affidavit of prejudice. This court denied the motion, and Michael sought discretionary review. The Supreme Court denied review stating, "A party simply cannot, as part of an ongoing

---

[1] Due to the similarity in names, we use first names for clarity. We mean no disrespect to the parties.

2

appeal, file separate motions disputing trial court rulings not challenged by assignment of error on appeal."[2]

In November 2013, this court issued its decision affirming the trial court. Goodman v. Goodman, No. 68416-7-I, noted at 178 Wn. App. 1003 (2013), review denied, 180 Wn.2d 1018, 327 P.3d 55 (2014). The Supreme Court denied review. A mandate issued in September 2014. Following these decisions, Michael and his family members filed a number of ancillary proceedings and appeals in this court.

On October 8, 2014, the trial court entered judgment for $21,128.66 in favor of Edward and Bernice. Mary now appeals that judgment.

## ANALYSIS

Mary assigns error only to the trial court's June 3, 2010 denial of Tyson's affidavit of prejudice. She contends that the trial judge erred because no discretionary rulings had yet been made. Mary argues that the denial of the affidavit of prejudice was a violation of her right to due process.

As an initial matter, we question whether Mary can properly raise this issue in this appeal. While RAP 2.4(b)(2) allows a party to timely appeal a trial court's attorney fee decision, it "does not bring up for review a decision previously entered in the action that is otherwise appealable under 2.2(a) unless a timely notice of appeal has been filed to seek review of the previous decision." Edward and Bernice assert that the October 8, 2014 judgment was for attorney fees and costs. Mary does not dispute this characterization. And she fails to cite any authority that

---

[2] Ruling Denying Review, Goodman v. Goodman, No. 88811-6, at 3 (Wash. June 25, 2013).

we should review the 2010 order in light of the fact that she did not timely seek review that order.

Nonetheless, even if Mary can properly bring this claim, we decline to consider it.

The law of the case doctrine generally precludes this court from reviewing issues that a party raised, or could have raised, in a prior appeal from the same case. State v. Worl, 129 Wn.2d 416, 424-25, 918 P.2d 905 (1996). As our Supreme Court has explained:

> Where there has been a determination of the applicable law in a prior appeal, the law of the case doctrine ordinarily precludes redeciding the same legal issues in a subsequent appeal.
>
> "It is also the rule that questions determined on appeal, or which might have been determined had they been presented, will not again be considered on a subsequent appeal if there is no substantial change in the evidence at a second determination of the cause."

Folsom, 111 Wn.2d at 263 (quoting Adamson v. Traylor, 66 Wn.2d 338, 339, 402 P.2d 499 (1965)).

"The doctrine serves to 'promote[] the finality and efficiency of the judicial process by protecting against the agitation of settled issues.'" State v. Harrison, 148 Wn.2d 550, 562, 61 P.3d 1104 (2003) (alteration in original) (internal quotation marks omitted) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988)).

Application of the doctrine is discretionary, not mandatory. Folsom, 111 Wn.2d at 264. We will reconsider an identical legal issue in a subsequent appeal of the same case when the holding of the prior appeal is clearly erroneous and the

application of the doctrine would result in manifest injustice. Folsom, 111 Wn.2d at 264.

This court previously considered this issue when it denied Michael's motion to reverse the order denying the affidavit of prejudice. Mary fails to persuasively explain why this court should revisit our prior decision on this issue.

Even if we were to accept Mary's argument that we did not previously decide this issue on the merits, Mary did not challenge the trial court's denial of the affidavit of prejudice in the first appeal. Mary could have properly raised the issue at that time. Her failure to do so precludes her from making the argument in this later appeal. This is so even where the issue is constitutional. State v. Corrado, 94 Wn. App. 228, 236, 972 P.2d 515 (1999).

In short, because this court has already rejected this claim, and because Mary could have raised this issue in the first appeal, we do not consider it.

In view of our resolution of this issue, we need not reach Edward and Bernice's arguments that this appeal is untimely and that the October 8, 2014 is not a final judgment under RAP 2.2(a)(1). We also deem it unnecessary to address Edward and Bernice's motion to strike portions of Mary's brief and the October 8, 2014 report of proceedings.

Both parties request attorney fees pursuant to RAP 18.9 for a frivolous appeal. An appeal is frivolous "if the appellate court is convinced that the appeal presents no debatable issues upon which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal." In re Marriage of Foley, 84 Wn. App. 839, 847, 930 P.2d 929 (1997).

5

Although Mary has not prevailed, we decline to characterize her action as frivolous. We likewise reject Mary's contention that Edward and Bernice's brief is meritless. We deny both parties' requests for attorney fees.

Affirmed.

Trickey, J

WE CONCUR: